UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEVIN BURNS,

    Plaintiff,

v.                                                  Case No. 4:21-cv-501-MW/MJF

STATE OF FLORIDA,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pending before this Court is Plaintiff's *pros se* petition for writ of mandamus. Plaintiff has not paid the requisite filing fee nor has he filed a motion for leave to proceed *in forma pauerpis*.[1] Regardless, it is apparent from the petition that the District Court lacks subject-matter jurisdiction.

In his petition, Plaintiff requests that the District Court enter an order directing state officials to retain the criminal case file and docket for Plaintiff's 2001 criminal conviction. Doc. 1 at 1; *see generally* Fla. R. Jud. Admin. 2.430 (delineating the policy for retention of court records).

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Under 28 U.S.C. § 1361, which codified the common-law writ of mandamus, district courts "have original jurisdiction . . . to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Mandamus relief is available only to compel an officer of the United States to perform a duty when (1) the petitioner has a clear right to relief; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available. *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011) (citing *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003)).

"These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *see Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) ("The test for jurisdiction is whether mandamus would be an appropriate means of relief."). Additionally, federal courts "have no authority to issue" a writ of mandamus "to direct state courts or their judicial officers in the performance of their duties." *Cahill v. Kendall*, 202 F. Supp. 2d 1322, 1330 (S.D. Ala. 2002). When a petition seeks to have a district court compel action from state officials, not federal officials, the district court lacks jurisdiction to grant relief. *Lawrence v. Miami-Dade Cnty. State Attorney Office*, 272 F. App'x 781, 781 (11th Cir. 2008); *Van Sickle v.*

*Holloway,* 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *Russell v. Knight,* 488 F.2d 96, 97 (5th Cir. 1973).

In this case, because the District Court lacks subject-matter jurisdiction, Plaintiff's petition for writ of mandamus should be dismissed. *See Brown v. Lewis*, 361 F. App'x 51, 56 (11th Cir. 2010). Accordingly, the undersigned respectfully **RECOMMENDS** that:

1.   Petitioner's Writ of Mandamus, Doc. 1, be **DISMISSED** without prejudice.

2.   The clerk of court close the case file.

At Pensacola, Florida this 12th day of January, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**